Richardson J.
delivered the opinion of the Court.
After the full discussion of the legal principles of these cases, to be found in the decision in Nesbit v. L. C. and C. R. R. Co., 2 Speer, 698, the present case may be briefly disposed of. That case goes far to support the motion for a non-suit in this case.
Nesbit’s case was for extra work in excavating indurated gravel, rock and earth, called hardpan, which the President of the Company had often said should be paid for, over and above the contract: and the two engineers swore that such excavations constituted extra work to be paid for, “under the allowance of the engineer.” Nesbit’s was an important case, and received much judicial consideration. But the Court finally decided, that Nesbit’s claim was for the very work embraced by his express contract; and however plausibly proved, was not extra work, but fairly within the contract, and therefore not the subject of a lawful demand. Nesbit was accordingly non-suited, notwithstanding the verbal promises of the President, *333 and the good will of engineers to get him an extra allowance of money.
Now, wherein does that case differ from the present? Col-cock & Co. urge that certain expenses they were put to in carrying operatives, tools and materials on the Hamburg Railroad, should be refunded to them by the present defendants. The plaintiffs do not claim for extra work, but they claim the price they paid for getting the working done, that is, the freight paid by them for materials, &c., required. But it will be seen at a glance, that if Nesbit had claimed the wages of his workmen for excavating hardpan, or for tools of proof required to excavate this induration of rock and sand, his claim could have been no better, because it would still have been out of his contract. So far, therefore, Nesbit’s case and the present are the same in a judicial, legal, and rational understanding. Both cases are simply id; an extra sum of money beyond the amount assured to them, but claimed under certain peculiar understandings of the claimants, not found in either contract as written. So far, then, the legal identity of the two cases is palpable; and Nesbit’s case would decide the one before the Court.
But they differ in one respect. It is the custom of Railroad Companies to allow their contractors to carry their materials, tools, &c., on their own rail roads, free of cost. And it is a fact, that the L. C. and C. Company have become the purchasers of the Hamburg Railroad, and the two roads have thus become one estate of the defendants. But in the meantime, and before this amalgamation of the two, the present plaintiffs had been put to the costs and expenses they now claim, by carrying their materials, (&c., upon the Hamburg Railroad. This cost is the amount the plaintifls claim to be refunded by the present suit, and over and above what the resident said on this head. It is a further fact, that the L. C. and C. R. R. Company did make the following entry in their minutes of proceedings, to wit:
“Appendix C. Minutes of the Board of Directors of the L. C. and C. R. R. Company, ISth January, 1840.
“The President laid before the Board a communication from Mr. E. S. Cheeseborough, the resident engineer, in *334 behalf of the contractors on the L. C. and C. R. R., suggesting an arrangement with the Hamburg Company, to allow them to receive their stores from the depository at Branchville, without paying their freight in cash, and -of charging the amount against them as so much received on account of their work-Mr. King offered the following resolution, which was adopted by the Board: Resolved, that each contractor on our road be, and he is hereby authorized to draw on the Company in favor of the South-Carolina Canal and Railroad Company, in payment of freight on the South-Carolina Canal and Railroad Company» due by the contractors respectively.”
“Minutes of the Board of Directors of the South-Carolina Canal and Railroad Company, March 20th, 1840.
“Read an application from several persons, contractors upon Louisville, Cincinnati, and Charleston Railroad, praying to be allowed to pass on the Hamburg Railroad without paying their passage money in cash. On motion, it was resolved, that passage tickets not transferable, issued by the Louisville, Cincinnati, and Charleston Railroad Company, to their contractors, shall be received by this Company as so much cash.”
Now, then, does this state of the plaintiffs’ case render their claim binding in law? We have seen by Nesbit’s case, that the President’s declarations make no difference in such a contract, because the contract must still be taken as the limits laid down by the parties themselves. But it remains to be considered, what is the force of ihis entry. It is that the L. C. and C. R. R. Company engage to pay the freight of their contractors upon the Hamburg Railroad, to save the necessity of their paying cash down; but the amount so to be debited to the defendants, to be accounted for by the contractors in their final settlement; and such settlement having been so adjusted, this suit is brought to recover that amount as so much illegally exacted of the plaintiffs. The whole negotiation was a present accommodation and credit allowed to the contractors, to be finally refunded to the defendants on pay day. Such an arrangement is the precise opposite to any extra allowance to the contractors. It amounts to payment in advance, and cannot be construed into any concession or acquiescence in what the President is sup *335 posed to have admitted. On the contrary, it affirms that the contractors are to answer in the final settlement for such freight, although to be debited in the first instance to the L. C. and C. Railroad.
Thus, then, the entry plainly negatives the claim of the plaintiffs and the supposed admissions of the President, and reaffirms the original contract, and therefore does not help the verdict. Finally, the merit of the plaintiffs’ demand seems resolved into this question. Does the custom of Railroads to allow their contractors to pass up and down free of cost, bind the Company to pay the debt contracted by the plaintiffs for freight upon another Railroad? There is a wide difference between a Railroad allowing their contractors, as it may be convenient, to pass up and down in their regular train of cars, when there is room to spare, and the paying for their passage money on other Railroads. The former is an accommodation without positive loss. The latter would be an assumption to pay the debt of another, which requires a valuable consideration. It would be very like a friend, who, being in the habit of using your horse gratis, should undertake to hire a horse and charge the hire to you, because you were in treaty for him, and after-wards actually purchased the horse he had hired. But the answer to such a demand would be, that it takes both parties to alter as well as to make a binding contract. Such extension, therefore, of the Railroad custom, cannot be allowed. Upon the whole, then, we can perceive no substantial distinction between Nesbit’s and the present case. I. As in that case, so in this, the plaintiffs’ claim is for money beyond their contract, and such a demand should be made plain, or it fails. 2. The President, even if he intended so much, could not have so altered the written contract where there is no consideration. 3. The entry of the Company proves their understanding of the arrangement with the Hamburg Company for the convenience of the plaintiffs, but not to pay their debt out of the money of the Company.
Whether, therefore, we take the evidence of the plaintiffs, or unite it with that of the defence, we can perceive no legal *336 foundation for the plaintiffs’ claim. The verdicts are therefore set aside, and non-suits granted in both cases.
Evans J., Butler J., Wardlaw J., and Frost J., concurred.